**Entered on Docket
December 06, 2010**

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

PITE DUNCAN, LLP
EDDIE R. JIMENEZ (NV Bar #10376)
ACE VAN PATTEN (NV Bar #11731)
ALEXIS M. BORNHOFT (NV Bar #11523)
701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for   Secured Creditor U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005KS11

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ELENA E CUBILLA,<br><br>Debtor(s). | Bankruptcy Case No. BK-S-10-27803-lbr<br>Chapter 7<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005KS11'S ORDER TERMINATING AUTOMATIC STAY<br><br>Date:   November 24, 2010<br>Time:   10:30 a.m. |

A hearing on Secured Creditor U.S. Bank National Association as Trustee for RASC 2005KS11's Motion for Relief From the Automatic Stay came on regularly for hearing in the United States Bankruptcy Court before the Honorable Linda B. Riegle, Ace Van Patten appearing on behalf of Secured Creditor.

1  The court having duly considered the papers and pleadings on file herein and 2 being fully advised thereon and finding cause therefor:

3  IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

4  The automatic stay of 11 United States Code section 362 is hereby immediately 5 terminated as it applies to the enforcement by Movant of all of its rights in the real property 6 under the Note and Deed of Trust encumbering the real property commonly known as 5655 East 7 Sahara Avenue 2023, Las Vegas, Nevada 89142 ("Real Property"), which is legally described as:

> SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A AND MADE A PART HEREOF .

11  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Movant and/or 12 its foreclosure trustee shall mail written notice of the time, date and place of the foreclosure sale 13 of the Real Property to the Debtor(s) at the address for the Real Property at least 7 calendar days 14 prior to the foreclosure sale. In the event that Movant and/or its foreclosure trustee provides at 15 least 7 calendar days' advance notice of the time, date and place of the foreclosure sale of the 16 Real Property in compliance with the notice requirements set forth in Chapter 107 of Nevada 17 Revised Statutes, those notices shall be sufficient to satisfy the requirement of this Court to 18 provide 7 days' notice to the Debtor(s).

19  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Movant may 20 offer and provide Debtor with information re: a potential Forbearance Agreement, Loan 21 Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and 22 may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to 23 enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this 24 bankruptcy case.

APPROVED/DISAPPROVED          APPROVED/DISAPPROVED

ANTHONY DELUCA               WILLIAM A. LEONARD
DEBTOR(S) ATTORNEY           TRUSTEE

Order No. : 5115007768-BG

EXHIBIT "A"

The land referred to is situated in the State of Nevada, County of Clark, in the unincorporated area, and is described as follows:

PARCEL I:

Unit 2023 in Building 5 of TERRASANTA UNIT 1 (A CONDOMINIUM DEVELOPMENT) filed pursuant to the provisions of N.R.S. 116 recorded in Book 91 of Plats, Page 9, in the Official Records of the County Recorder, Clark County, Nevada, and as defined in that certain Declaration of Restrictions (enabling declaration establishing a plan for condominium ownership of TERRASANTA CONDOMINIUMS) recorded January 18, 2000 in Book 20000118 of Official Records, Clark County, Nevada, as Document No. 01452.

PARCEL II:

An undivided 1/44th interest in and to the common element Phase 3 as shown upon TERRASANTA UNIT 1 (A CONDOMINIUM DEVELOPMENT) filed pursuant to the provisions of N.R.S. 116 recorded in Book 91 of Plats, Page 9, in the Official Records of the County Recorder, Clark County, Nevada, and as defined in that certain Declaration of Restrictions (enabling declaration establishing a plan for condominium ownership of TERRASANTA CONDOMINIUMS) recorded January 18, 2000 in Book 20000118 of Official Records, Clark County, Nevada, as Document No. 01452.

PARCEL III:

An exclusive use easement over that portion of the common element shown as patios, balconies, landings, stairways, assigned storage, covered parking, and garages which areas shall be referred to a Limited Common Elements as shown upon TERRASANTA UNIT 1 (A CONDOMINIUM DEVELOPMENT) filed pursuant to the provisions of N.R.S. 116 recorded in Book 91 of Plats, Page 9, in the Official Records of the County Recorder, Clark County, Nevada, and as defined in that certain Declaration of Restrictions (enabling declaration establishing a plan for condominium ownership of TERRASANTA CONDOMINIUMS) recorded January 18, 2000 in Book 20000118 of Official Records, Clark County, Nevada, as Document No. 01452.

PARCEL IV:

A non-exclusive easement for ingress and egress, public utilities and private streets over the Common Element of the Condominium Project as

shown upon TERRASANTA UNIT 1 (A CONDOMINIUM DEVELOPMENT) filed pursuant to the provisions of N.R.S. 116 recorded in Book 91 of Plats, Page 9, in the Official Records of the County Recorder, Clark County, Nevada, and as defined in that certain Declaration of Restrictions (enabling declaration establishing a plan for condominium ownership of TERRASANTA CONDOMINIUMS) recorded January 18, 2000 in Book 20000118 of Official Records, Clark County, Nevada, as Document No. 01452.

PARCEL V:

RESERVING THEREFROM for the benefit of owners in Phases Two (2) through Six (6) non-exclusive easements for ingress, egress, and recreational use over that certain common element Phase 1, as shown upon TERRASANTA UNIT 1, as shown by map thereof on file in Book 91 of Plats, Page 9, in the Office of the County Recorder of Clark County, Nevada, and as further defined in that certain Declaration of Restrictions (enabling declaration establishing a plan for condominium ownership of TERRASANTA CONDOMINIUMS) recorded January 18, 2000 in Book 20000118 of Official Records, Document No. 01452.

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

☐ Approved.

☐ Disapproved.

☒ Failed to respond. - Debtor's Attorney/Trustee

###

Submitted by:

/s/ ACE VAN PATTEN
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
NV Bar #11731
Attorney for U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005KS11